Matter of Lever v Lyons (2019 NY Slip Op 07898)





Matter of Lever v Lyons


2019 NY Slip Op 07898


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-13888
 (Docket Nos. V-14415-10/18E/18F, V-30760-10/18D/18E, V-00791-13/18E)

[*1]In the Matter of Kenric Lever, appellant,
v
Christina Lyons, respondent.


Kenric Lever, Brooklyn, NY, appellant pro se.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Dean Kusakabe, J.), dated October 25, 2018. The order dismissed the father's petition to modify an order of custody dated July 12, 2017.
ORDERED that the order dated October 25, 2018, is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith to be conducted expeditiously and without further delay.
The parties have one child in common, who is 15 years of age. The record reflects that the parties have been engaged in protracted litigation in both New York and New Jersey concerning custody and parental access. In particular, on August 2015, following the mother's arrest for allegedly assaulting the child, the New Jersey Department of Children and Families, Division of Child Protection and Permanency, commenced an action in the Superior Court of New Jersey, seeking continuing custody of the child. Thereafter, the father sought, by way of an order to show cause filed in the Family Court, Kings County, immediate full custody of the child on the ground that
the child was now a ward of the State of New Jersey, having been removed from the mother's care following the mother's arrest. During proceedings held on December 6, 2016, the Family Court, Kings County (Sharon A. Bourne-Clarke, J.), determined that it would cede jurisdiction to New Jersey and would mark all pending New York proceedings as disposed. The court then issued three written orders, each dated December 6, 2016, dismissing the various proceedings pending before it between the parties.
In an order dated July 12, 2017, a New Jersey court awarded legal custody of the child to both the mother and the father, with physical custody to the mother. In June 2018, the father filed a petition in New Jersey seeking physical custody of the child. The New Jersey court dismissed the proceeding, finding that both parties and the child were residents of New York, and directing that [*2]all further custody litigation be conducted in New York.
In August 2018, the father filed petitions in the Family Court, Kings County, including a petition to enforce an order of another court and a petition to modify an order of custody of another court. Both petitions identified the order sought to be enforced or modified as an order dated July 12, 2017, although neither petition correctly identified the court that issued the order. In October 2018, the maternal grandmother filed a petition against both the mother and the father seeking custody of the child. The maternal grandmother alleged, inter alia, that the child was residing in her home on Staten Island. The maternal grandmother, the father, and the attorney for the child appeared before the Family Court, Kings County (Kusakabe, J.) on October 25, 2018. The mother was not present. Even though the court was advised by the attorney for the child that New Jersey had relinquished jurisdiction and the court acknowledged that New York would probably have to "take jurisdiction" of the matter, the court ruled that it would dismiss the father's petitions on the ground that the father was seeking to enforce or modify prior New York orders and that such orders could not be the predicate for enforcement or modification since all New York proceedings were terminated on December 6, 2016. The court suggested that the father file a new petition. The court also entered a temporary order of protection against the mother and directed both the father and the mother not to interfere with the maternal grandmother's care and custody of the child. On October 25, 2018, the Family Court issued orders dismissing the father's August 28, 2018, petitions. The father appeals only from the order dated October 25, 2018, which dismissed his August 28, 2018, petition to modify the New Jersey order of custody dated July 12, 2017.
We reverse. The Family Court misread and misunderstood the nature and import of the father's August 28, 2018, petition for modification. Contrary to the court's determination, the father was not seeking to modify any prior New York orders; the petition on its face specifies that the order sought to be modified was the July 12, 2017, order, which was rendered by a court in New Jersey subsequent to the last New York order. Since it was error for the Family Court to have dismissed the modification petition on the ground that it did, we reverse and reinstate the petition.
The attorney for the child urges us to dismiss the father's appeal as academic because, subsequent to the order appealed from, the father did file a further petition. However, because the order appealed from dismissed the petition "with prejudice" and such dismissal may impact the scope of the pending proceedings (see Matter of Newton v McFarlane, 174 AD3d 67, 75-78), the appeal is not academic.
Given that no hearing has been conducted into the serious matters alleged by the father, and that it does not appear from the record that a full hearing into the child's best interests has ever been conducted by the courts in New York, the Family Court, Kings County, shall, upon remittal, conduct all further proceedings expeditiously and without further delay.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court